IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS ORR and NANCY E. HODGE | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:25-cv-1649-BN |
| | § | |
| PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
SUBJECT-MATTER JURISDICTION**

Invoking the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, Plaintiffs Douglas Orr and Nancy E. Hodge, who allege that they are citizens of Texas, have sued Defendant Privilege Underwriters Reciprocal Exchange ("PURE"), which Plaintiffs allege is a Florida corporation. *See* Dkt. No. 1, ¶¶ 1-3.

In its answer, PURE "admits that it is engaged to do business in the State of Texas," "denies the remainder of Paragraph 3" of the complaint," and instead alleges that it "is a Florida domiciled reciprocal insurer with an office [in] Fort Lauderdale, Florida" and "is an unincorporated association that acts as a reciprocal exchange and has members of its reciprocal exchange in multiple states, including Texas." Dkt. No. 8, ¶ 3.

After the parties consented in writing through their Federal Rule of Civil Procedure 26(f) joint status report, *see* Dkt. No. 11 at 4, United States District Judge Sam A. Lindsay ordered this lawsuit transferred to the undersigned United States

magistrate judge for all further purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 12.

And, in the Rule 26(f) report, PURE reasserted "that it is a Florida domiciled reciprocal insurer … and that it is an unincorporated association that acts as a reciprocal exchange and has members of its reciprocal exchange in multiple states, including Texas" but that "[t]here is no current challenge to jurisdiction or venue." Dkt. No. 11 at 3.

While PURE may not challenge subject-matter jurisdiction at this time, this memorandum opinion and order is entered (1) because it is not apparent to the Court that subject-matter jurisdiction under Section 1332 has been alleged and (2) to allow Plaintiffs an opportunity to file amended complaint by **September 29, 2025** to show that there is federal subject-matter jurisdiction (under Section 1332 or otherwise). And, if Plaintiffs do not – or cannot – this lawsuit will be dismissed without prejudice without further notice.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted); *see, e.g.*, *Aetna Cas. & Surety Co. v. Iso-Tex, Inc.*, 75 F.3d 216, 218 (5th Cir. 1996) ("The failure of the parties to urge objections to diversity of citizenship does not relieve the appellate court of the duty to ascertain whether the lower court could properly take jurisdiction." (citation omitted)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

And, so, the Court may "exercise diversity jurisdiction only when there is 'complete diversity' between the litigants." *Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 332 (5th Cir. 2021) (per curiam) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806))). That means that "no party on one side [is] a citizen of the same State as any party on the other side." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Id.*

To the extent that Plaintiffs, as the parties bearing this burden, allege that PURE is a corporation, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding "that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

But it's not at all clear to the Court that PURE is a corporation or that PURE is not a Texas citizen, considering that it alleges to be "an unincorporated association that acts as a reciprocal exchange and has members of its reciprocal exchange in multiple states, including Texas." Dkt. No. 8, ¶ 5; *cf. Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (noting that the United States Supreme Court "has refused to treat unincorporated associations as corporations for diversity purposes" (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 457 (1900))).

Like a limited partnership or limited liability corporation, an unincorporated association "has the citizenship for diversity purposes of each of its constituent member[s]." *Temple Drilling Co., v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (collecting cases, including *Rhulen Agency v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 677 (2d Cir. 1990) ("For purposes of diversity jurisdiction, an unincorporated association is said to have no citizenship of its own. Thus, if suit is brought by or against an association as an entity, the organization's citizenship is deemed to be the same as that of its members." (cleaned up))); *see also Harvey*, 542 F.3d at 1080 ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." (citations omitted)).

In sum, PURE has disputed through its answer Plaintiffs' allegation that it is a corporation. And, to the extent that PURE alleges that is an unincorporated association, the Court must know the citizenships of each of its members to determine

whether there is complete diversity and thus subject-matter jurisdiction under Section 1332. Lacking such information, the Court doubts that it has subject-matter jurisdiction.

But, as the parties invoking federal subject-matter jurisdiction, Plaintiffs should be allowed an opportunity to file an amended complaint to show that there is federal subject-matter jurisdiction (under Section 1332 or otherwise). And, if Plaintiffs do not – or cannot – this lawsuit will be dismissed without prejudice without further notice.

SO ORDERED.

DATED: September 8, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE